**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:26-CR-346** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **<u>OPINION AND ORDER</u>** |
| **TONY LILLY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Tony Lilly's Motion to Revoke Detention Order. ECF Doc. 18. Pursuant to 18 U.S.C. § 3145(b), Lilly moves the Court to revoke Magistrate Judge Reuben J. Sheperd's detention order. The Government responded on September 17, 2026 (ECF Doc. 23), and Lilly filed a reply on September 24, 2026 (ECF. Doc. 24). The Court has reviewed the pretrial services report (ECF Doc. 3), detention hearing transcript (ECF Doc. 17), pretrial detention order (ECF Doc. 10), and filings (ECF Docs. 18, 19, 23, 24). For the following reasons, Lilly's motion is **DENIED.**

## I. BACKGROUND

On June 23, 2026, Lilly was charged with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1). ECF Doc. 1. On July 10, 2026, the Government requested detention, and the Court scheduled a detention hearing.

Magistrate Judge Sheperd conducted a detention hearing on July 15, 2026. ECF Doc. 17. The Government proffered facts from the pretrial services report and affidavit in support of the criminal complaint regarding Lilly's criminal history. ECF Doc. 17 at 6. Lilly proffered facts from the pretrial services report regarding Lilly's physical health and substance abuse history as

well as the affidavit in support of the criminal complaint regarding an allegation of PCP use at the time of the incident on April 29, 2026. *Id.*

The Government argued that Lilly should be detained based on his long history of prior convictions, violations of supervision, and the violent nature of the incident. ECF Doc. 17 at 6-10; ECF Doc. 23 at 5-7. Lilly argued that he has proven an ability to appear in court, his firearm possession was for self-defense, his firearm possession history is limited to 2003 and 2017, his domestic violence convictions are "older," his preexisting health conditions have not been consistently treated in custody, and conditions of release—namely, mental health services and substance abuse treatment—can mitigate concerns. ECF Doc. 17 at 10-13; ECF Doc. 18 at 2-7.

On July 21, 2026, Magistrate Judge Sheperd ordered pretrial detention, concluding that the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. ECF Doc. 10 at 3. Magistrate Judge Sheperd specifically supported the detention order with the following: Lilly (1) is subject to a lengthy period of incarceration if convicted; (2) lacks stable employment; (3) has a history of alcohol or substance abuse; (4) has a history of violence or use of weapons; (5) previously violated probation, parole, or supervised release; (6) previously failed to appear in court as ordered; (7) being released poses serious danger to a person or the community; and (8) the weight of the evidence against Lilly is strong. *Id.*[1]

Lilly then moved to revoke the order. ECF Doc. 18. The Court now reviews, *de novo*, the pretrial detention order.

[1] During the detention hearing, Magistrate Judge Sheperd was "deeply concerned" about several facts. ECF Doc. 17 at 16. He expressed concern over the dangerous nature of the incident; Lilly allegedly pointed a loaded firearm at others in "a very populated urban center," threatening them, while holding an open alcohol container and likely under the influence of PCP. *See id.* at 17. In addition, Magistrate Judge Sheperd deemed the proposed home detention inadequate to ensure others' safety, given Lilly's history of domestic violence. *Id.* at 16-17.

## II. ANALYSIS

A district court reviews a Magistrate Judge's detention order *de novo*. *See* 18 U.S.C. § 3145; *see also United States v. Beard*, 528 F. Supp. 3d 764, 771 (N.D. Ohio 2021).

In conducting this review, a district court must first determine whether the defendant's charges trigger the presumption in favor of detention. 18 U.S.C. § 1342(e)(3). Here, the presumption of detention did not arise, which the Government concedes, because the sole count in the federal criminal complaint is for possessing a firearm after a felony conviction. *See* ECF Doc. 1; ECF Doc. 17 at 3.

Therefore, to order detention, the Court must decide whether the Government has shown that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the defendant is released pretrial. *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). To make this decision, the Court must weigh the following statutory factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristic, including his character, family ties, community ties, employment, and probationary status at the time of the offense; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). The Government carries the burden of proof, requiring that a danger to the community be shown by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); *see also* 18 U.S.C. § 3142(f)(2)(B).

Following a *de novo* review of the record, the Court concludes that the Government met its burden of showing that Lilly is a danger to the community. Application of the Section 3142(g) factors confirms this determination.

First, the nature and circumstances of the charge weigh in favor of Lilly's pretrial detention. Lilly has been charged with possession of a firearm, which the statute enumerates as an offense that weighs in favor of detention. 18 U.S.C. § 3142(g)(1). Moreover, the circumstances of the charge reflect an inherent danger to the community. *See United States v. Butler*, 165 F.R.D. 68, 72 (N.D. Ohio 1996) (concluding that unlawful possession of firearms constitutes inherent danger to the community, especially if accompanied by lengthy criminal history and drug offenses, when ordering the defendant's pretrial detention). Lilly—a felon with twenty-five years of firearm, assault, and domestic violence convictions—was arrested during the day, drinking beer and likely under the influence of PCP, pointing a loaded handgun at people in public. *See* ECF Doc. 17 at 15; Crim. Compl. Aff. at 3.

Second, the weight of the evidence against Lilly favors pretrial detention. According to the Task Force Officer's affidavit in support of the federal criminal complaint, Cleveland Police received a report of a person threatening others with a weapon at East 116th Street and Buckeye Road. *See* Crim. Compl. Aff. at 3, ¶ 6. Officers responded and approached Lilly, who matched the description of the reported suspect. He was holding an open can of beer and reached toward his jacket pocket. *Id.* at ¶¶ 6-7. From his person, officers recovered a loaded Taurus 9mm pistol with one round in the chamber, a bag of suspected marijuana, and a partially smoked cigarette dipped in what officers detected was PCP. *Id.* at ¶ 7. As further corroboration, camera footage shows Lilly pointing his firearm at the caller's gray SUV. *Id.* at ¶ 8.

Third, Lilly's history and characteristics weigh in favor of pretrial detention. Lilly's convictions for drug possession, firearm possession, and crimes of violence cover approximately two decades: 2003, 2010, 2011, 2015, 2017, 2019, and 2020. *See* ECF Doc. 23 at 6.

The pattern of violence, in particular, is regular. Convicted of felonious assault with firearm specification in 2003, Lilly was then arrested for aggravated menacing in 2010, one year after his release from prison. Two months after his arrest for aggravated menacing, Lilly was arrested for felony aggravated assault and domestic violence. Convicted in November 2010 for those offenses, one year later, Lilly was arrested for attempted domestic violence. In 2012, he was again arrested for felonious assault. Next, Lilly was arrested for aggravated burglary in 2013. He was then convicted of attempted felonious assault and domestic violence in 2016. After serving twelve months in prison, he was convicted in 2017 of attempted possession of weapon while under disability and aggravated menacing. After being released from prison in September 2018, in 2019 Lilly was arrested and convicted of attempted domestic violence and endangering children. While on probation for domestic violence, he was arrested again for domestic violence and convicted in 2020. Lilly was released from prison in November 2024 before this arrest in April 2026. *Id.*

Besides amassing this extensive criminal history, Lilly has also violated terms of probationary supervision. He violated probation conditions in 2013 and 2019. *Id.* at 5-6. In addition, Lilly was convicted of drug possession in two cases in 2023 based on offenses committed while on court supervision for domestic violence convictions. *Id.* The criminal history, characteristics of the crimes, and conduct on probation indicate an ongoing danger to the community and inability to comply with supervision.

Lilly identifies several supposedly mitigating facts relevant to the analysis of the third Section 3142(g) factor. Lilly asserts that his possession of the Taurus 9mm pistol was intended for self-defense out of fear of home invaders returning. ECF Doc. 18 at 4; ECF Doc. 24 at 2. But Lilly does not explain why he feared home invaders in public at the corner of East 116th Street and Buckeye Road. Lilly then argues that imposing conditions of release, requiring substance

abuse treatment and mental health counseling, will mitigate risk to the community. ECF Doc. 24 at 2. However, Lilly has struggled to comply with supervision in the past, as detailed above. *See* ECF Doc. 23 at 5-6. Lilly also contends that his history of firearm possession is isolated to 2003 and 2017, and that he is unlikely to possess a weapon if released on bond. ECF Doc. 18 at 4. The Court is unpersuaded that whatever perceived danger allegedly compelled Lilly to obtain a firearm has dissipated, thereby obviating the perceived need for continued firearm possession.

Relatedly, Lilly argues that his domestic violence convictions are "older." *Id.* at 6. However, the Government points out that Lilly's last conviction, in 2020, was for domestic violence, and he was only released from prison in November 2024—hence, the supposed gap in Lilly's offending behavior. *See* ECF Doc. 23 at 6-7. The Court also gives no credence to Lilly's argument that, because his arrests and convictions for violent offenses did not involve his cousin, Lilly may safely live with his cousin while on bond. *See* ECF Doc. 18 at 6. As the circumstances around this charge indicate, Lilly could pose a danger to anyone.

Fourth, the nature and seriousness of the danger to the community that would be posed by Lilly's release are severe. Lilly notes that he struggles with his mental health, which contributed to the conduct leading to his arrest. *See* ECF Doc. 18 at 5; ECF Doc. 24 at 2. In addition, he admits that he has substance abuse issues, which likewise contributed to the conduct. *See id.* His substance use, as mentioned above and in connection with the charge here, includes PCP, which Lilly's counsel concedes is "a strong psychotic drug that can alter a person's ability to act as a reasonable person in society." *See* ECF Doc. 17 at 10. As discussed above, Lilly has a history of violence and firearm possession. Finally, Lilly was not arrested while merely possessing a firearm, but while actively pointing it at members of the public and threatening them. *See* Crim. Compl.

Aff. at 3, ¶ 6. Lilly has not demonstrated at the detention hearing nor in the filings that any evidence suggests a reduction in the risk of danger.

Based on the evidence of Lilly's frequent violent behavior and possession of firearms, the Court agrees that there is no condition or combination of conditions that would reasonably assure the safety of the community if Lilly were released pending trial.

## III. CONCLUSION

Because there is no condition or combination of conditions that would reasonably assure the safety of the community if Lilly were released pending trial, his Motion to Revoke Detention Order is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2026

***s/ Dan Aaron Polster***
**United States District Judge**