**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:26-CR-00346** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **v.** | ) | |
| | ) | |
| **TONY LILLY,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

On October 22, 2026, Defendant filed two motions to dismiss pursuant to Fed. R. Crim. P. 12(b)(3)(B): (1) a motion to dismiss the indictment based on violation of the Second Amendment ("Second Amendment MTD") (ECF Doc. 27); and (2) a motion to dismiss the felon in possession charge as an *ultra vires* act of Congress ("*Ultra Vires* Act MTD") (ECF Doc. 28) (collectively, the "MTDs"). The Government filed a brief in opposition to both MTDs on November 2, 2026 (the "Opposition"). ECF Doc. 29. A reply was due November 16, 2026, but none was filed. Because the Sixth Circuit rejected facial and Commerce Clause challenges of 18 U.S.C. § 922(g)(1), Defendant's MTDs are **DENIED**.

## I. BACKGROUND

On June 23, 2026, the Government filed a criminal complaint with a single count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), against Defendant Tony Lilly. ECF Doc. 1 at 1. A Grand Jury indicted Defendant on August 4, 2026 (the "Indictment"). ECF Doc. 12. The Indictment alleged that Defendant, having been convicted of crimes punishable by imprisonment for a term exceeding one year, with knowingly possessing a firearm which had been

transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *Id.* at 1. The statute states:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

In the Second Amendment MTD, Defendant contends that Section 922(g)(1) is facially unconstitutional because (1) the Second Amendment's plain text permits firearm possession; (2) the Second Amendment's plain text applies to "the people," absent limitation; (3) the history and tradition of the United States do not support disarming felons; and (4) Section 922(g)(1), by categorically restricting rights of all felons, is overbroad. ECF Doc. 27 at 2-8.

The Government counters that the Sixth Circuit has rejected facial challenges to Section 922(g)(1). ECF Doc. 29 at 1-2 (citing *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024)). In addition, the Government notes that Defendant must show he is not dangerous, which Defendant has not done, to support an as-applied challenge to Section 922(g)(1). *Id.* at 2-7 (citing *Williams*, 113 F.4th at 657–68). The Government also points out that the Sixth Circuit already performed a historical analysis to uphold the constitutionality of Section 922(g)(1) and that Defendant made no attempt to show his firearm possession did not fit the class-wide disarmament justification. *Id.* at 5-6 (citing *Williams*, 113 F.4th at 652–57, 661; *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 33–34 (2022)). Finally, the Government emphasizes that the overbreadth doctrine applies to the First Amendment, not to the Second Amendment. *Id.* at 7 (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987); *United States v. Blaszak*, 349 F.3d 881, 888 (6th Cir. 2003)).

Next, in the *Ultra Vires* Act MTD, Defendant argues that criminalizing felons' firearm possession because the firearm at one time traveled in interstate commerce, under Section 922(g)(1), exceeds the scope of the Commerce Clause. ECF Doc. 28 at 2-4. Defendant urges the Court to ignore Sixth Circuit case law, which determined that Section 922(g)(1) did *not* exceed Congress's authority under the Commerce Clause, *id.* at 4-6 (citing *United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996); *United States v. Turner*, 77 F.3d 887, 889 (6th Cir. 1996)), and instead follow concurring and dissenting opinions, *id.* (citing *Chesney*, 86 F.3d at 577 (Batchelder, J., concurring); *United States v. Hemani*, 608 U.S. 772, 797–801 (2026) (Thomas, J., concurring); *United States v. Seekins*, 52 F.4th 988, 990–92 (5th Cir. 2022) (Ho, J., dissenting from denial of rehearing *en banc*)). The Court obviously cannot do this.

## II. LAW & ANALYSIS

A defendant may move to dismiss an indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B) for failure to state an offense on the basis that the statute underlying the indictment is unconstitutional. *United States v. Berry*, 723 F. Supp. 3d 567, 572 (N.D. Ohio 2024) (citing *United States v. Rathburn*, 771 F. App'x 614, 623 n.8 (6th Cir. 2019)).

First, as Defendant concedes, the Sixth Circuit rejected a facial challenge to 18 U.S.C. § 922(g)(1). *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024); *see also* ECF Doc. 27 at 1 n.1. The Sixth Circuit held that a facial challenge will fail if Section 922(g)(1) is constitutional in just one application, and "most" of its applications are constitutional. *Williams*, 113 F.4th at 657. Defendant's challenge to the constitutionality of Section 922(g)(1) is facial. *See* ECF Doc. 27 at 1-8 (citing *Bruen*, 597 U.S. at 17, 23–24, 28-30) (presenting a facial challenge two-step *Bruen* analysis and facial overbreadth argument)); *see also United States v. Rahimi*, 602 U.S. 680, 700–01 (2024) (citing *Bruen*, 597 U.S. at 30) (applying the *Bruen* framework to a facial constitutional

challenge). This Court must follow Sixth Circuit precedent on the matter, barring a superseding U.S. Supreme Court or Sixth Circuit *en banc* decision. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) ("Where our circuit has answered the question, the district court is bound by our published authority."); *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) ("The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."). Therefore, the *Williams* ruling defeats Defendant's argument. Accordingly, the Second Amendment MTD (ECF Doc. 27) is **DENIED**.

Second, as Defendant also concedes, the Sixth Circuit rejected a Commerce Clause challenge to 18 U.S.C. § 922(g)(1). *Chesney*, 86 F.3d at 571–72; *see also* ECF Doc. 28 at 1 n.1. The *Ultra Vires* Act MTD's argument stems from a Commerce Clause challenge. *See generally* ECF Doc. 28. This Court must follow Sixth Circuit precedent on the matter, barring a superseding Supreme Court or *en banc* decision. *See In re Miedzianowski*, 735 F.3d at 384; *Darrah*, 255 F.3d at 309. Justice Thomas's concurrence in *Hemani*, questioning the Commerce Clause's scope in relation to Section 922, is not precedential. *See Marks v. United States*, 430 U.S. 188, 193 (1978) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'"); *see also Hemani*, 608 U.S. at 775 (noting that six Justices joined the majority opinion). Moreover, the Court does not find Justice Thomas's reasoning and conclusions persuasive. Thus, the Court declines Defendant's request to take up Justice Thomas's call to reassess the Commerce Clause's established scope. *See* ECF Doc. 28 at 6. Consequently, the *Ultra Vires* Act MTD (ECF Doc. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 18, 2026

*s/ Dan Aaron Polster*
United States District Judge